IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JACQUES CALDWELL, M.D.,**

    **Plaintiff,**

vs.                              CASE NO.: 1:06-CV-070-SPM

**ELLA ROBINSON and RADIANT
RESEARCH, INC.,**
    **Defendant.**
_____/

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT, DENYING MOTION FOR DEFAULT JUDGMENT, DENYING MOTION TO STRIKE THIRD-PARTY COMPLAINT, AND GRANTING LEAVE TO FILE ANSWER TO THIRD-PARTY COMPLAINT**

**THIS CAUSE** comes before the Court upon a number of motions which the parties agreed should not be ruled upon until they had engaged in mediation sessions with the hope of settlement. The parties have recently announced an impasse, and the Court now considers the pending motions and their accompanying responses:

1. "Plaintiff's Motion for Leave to File Restated, Consolidated and Amended Complaint" (doc. 44)

2. "Motion for Judgment upon Default of Third Party Defendants Halifax Research Specialists, P.a. and Jacques Caldwell, M.D." (doc. 46)

3. "Plaintiff's Motion to Strike Third-Party Complaint" (doc. 50)

4. "Motion for Leave to File Answer to Third Party Complaint out of Time" (doc. 58)

**BACKGROUND:**

This case was originally filed in the Eighth Judicial Circuit Court in and for Alachua County by plaintiff Caldwell against defendants Ella Robinson and Radiant Research.  The judge consolidated the instant case with another state case, Caldwell v. Hager, 01-2005-CA-2666 (*see* doc. 25-2).  Radiant, unaware of the consolidation, removed the case to this Court based on diversity jurisdiction.  By operation of law, the removal applied to both cases.  Thus, the consolidated case contained one plaintiff (Caldwell) and three defendants (Radiant, Robinson, and Hager).

Radiant then filed a third-party complaint naming Caldwell and Halifax Research Specialists as defendants, noting in the caption that Caldwell and Halifax were "alter egos."  The parties apparently stipulated that Caldwell would receive an extension of time to 1) answer the counterclaims raised in Radiant's answer and 2) answer the third-party complaint.  A motion for extension of time was filed and granted (*see* docs. 20 and 22), and Caldwell filed an answer only as to Radiant's counterclaims on June 30, 2006 (*see* doc. 24).  No answer to the third-party complaint was filed.  This failure to answer prompted Radiant to move for default judgment against Caldwell (doc. 46).  In response, Caldwell moved to strike the third-party complaint in its entirety (doc. 50), but filed a proposed answer in the event the motion to strike was denied (doc. 58).  Some time later, Caldwell requested leave to file an amended complaint which would combine

all claims against the consolidated defendants into one pleading (*see* doc. 44).[1]  No objection or response was filed.

**ANALYSIS:**

### *Amended Complaint*

In light of the unusual consolidation and removal history of the case, Plaintiff requests to file an amended complaint which clarifies the allegations and consolidates them into a single pleading.  No objection has been filed to the motion.  Pursuant to Federal Rule of Civil Procedure 15(a), the Court finds good reason to permit the amended complaint to be filed.

### *Third-Party Complaint*

<u>Timely Filing</u>

The first issue to address is whether the third-party complaint was validly filed. Federal Rule of Civil Procedure 14(a) permits a defendant to file a third-party complaint as of right within ten days after serving the original answer.  Because the time limit is less than ten days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in this computation."  FED. R. CIV. P. 6(a).

The answer was filed on May 9, 2006.  Excluding that day as well,[2] the ten-day

---

[1] The amended complaint was filed as doc. 45.

[2] Rule 6(a) also provides that "the day of the . . . event . . . from which the designated period of time begins to run shall not be included."

deadline fell on May 23, 2007, the exact date on which the third-party complaint was filed. Thus, Radiant was not required to seek leave of court before making its filing.

### Halifax as Alter Ego

The caption of Radiant's third-party complaint states that the third-party defendants, Caldwell and Halifax, are "alter egos". Caldwell argues that if Halifax is an alter ego, it is thus a party to the original complaint, thereby violating the requirement of Rule 14(a) that a third-party complaint may be brought only against "a person not a party to the action."

Assuming that Caldwell and Halifax are one and the same for pleading purposes, then the third-party complaint is simply a counterclaim under Rule 13, which alternately compels or permits counterclaims against an "opposing party." The Court finds that the third-party complaint is the proper vehicle through which Radiant may bring its claims against Halifax.

### Service of Third-Party Complaint

It appears that service of process was waived as to the third-party defendants. In a letter to attorney Michael Caldwell dated June 8, 2006 (doc. 56, exh. 1), Radiant's counsel confirmed that Caldwell had agreed to accept service "on behalf of Jacques Caldwell and Halifax Research Specialists, P.A." In addition, attorney Caldwell moved for and received an extension of time to respond to the complaint (*see* docs. 20 and 22, respectively). Having actively participated in the case by filing a motion for extension of

time, after agreeing to accept service of process, the argument cannot now be made that service was not properly effected.

The Court finds that the third-party complaint is valid, timely filed, and that attorney Caldwell accepted service of the complaint on behalf of Jacques Caldwell and Halifax.

### *Default Judgment*

Radiant has moved for default judgment against Caldwell and Halifax for failure to respond to the third-party complaint. From a procedural standpoint, there is no indication in the record of an entry of default, which must precede any motion for default judgment. Fed. R. Civ. P. 55(a); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). From a substantive standpoint, it appears that Caldwell failed to answer the third-party complaint based on a belief that it was improperly filed and served. While this argument is belied by the fact that Caldwell filed a motion for extension of time to file the answer, rather than a motion to dismiss, giving all parties the benefit of the doubt dictates that the motion for default judgment should be denied.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motion to file an amended complaint (doc. 44) is hereby *granted*.

2. The amended complaint has been filed as document 45.

3. The motion for default judgment (doc. 46) is *denied*.

4. The motion to strike the third-party complaint (doc. 50) is *denied*.

5. The motion for leave to file an answer to the third-party complaint (doc. 58) is *granted*.

6. The clerk shall docket the answer to the third-party complaint (attachment 2 to doc. 58, shown as doc. 58-3 in CM/ECF) as of the date this order is signed.

7. The motion for extension of time to respond to the motion to strike third-party complaint (doc. 55) is moot, as the response has already been filed (doc. 56).

**DONE AND ORDERED** this twenty-sixth day of February, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge